UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PETER WHITE ALMEIDA,**<br>**ERLINDA MARIE ALMEIDA** | **CASE NUMBER** |
| **VERSUS** | **JUDGE** |
| **UNITED STATES DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY, DR. ELIZABETH AZEL, DR. "FNU" COSTELLO** | **MAGISTRATE JUDGE** |

## COMPLAINT WITH JURY DEMAND

**NOW INTO COURT,** comes the Petition of PETER WHITE ALMEIDA (hereinafter referred to as "MAJOR ALMEIDA" or "Plaintiff" and ERLINDA MARIE ALMEIDA who are domiciled in the City of McDonough, County of Henry, State of Georgia, which respectfully represents that:

1.

Made Defendant herein is the UNITED STATES DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY (hereinafter referred to as "ARMY" or "Defendant"), DR. ELIZABETH AZEL, who is domiciled in the City of Fort Polk, Louisiana, and DR. "FNU" COSTELLO, whose first name is unknown and domicile is unknown.

2.

Jurisdiction is proper based on subject matter jurisdiction 28 U.S.C.1331of a federal question under the Federal Torts Claim Act (60 Stat. 842 [28 U.S.C.A. § 1346(b), 2674]).

3.

Venue is proper based on 28 U.S.C.1391.

4.

In May 2007, MAJOR ALMEIDA was assigned to a new post at the Fort Polk Military Base in Fort Polk, Louisiana.

5.

Shortly after arriving on base, MAJOR ALMEIDA noticed there were numerous administrative errors and procedures that violated ARMY policy:

a.

In one such instance, MAJOR ALMEIDA alleges two military officers were deployed overseas without receiving updates to their life insurance policies, which is a violation of ARMY policy.

b.

In another instance, the Plaintiff alleges that the Brigade Executive Officer threw away a document or manifest containing the Social Security Numbers of approximately 100 newly arriving officers, which is a violation of another ARMY policy.

6.

On the 11th day of June 2007, MAJOR ALMEIDA went to speak to one of his superior officers about repeated irregularities and inconsistent conduct with the application of ARMY policies.

7.

MAJOR ALMEIDA was told that this superior officer would be with him shortly.

8.

Forty Five (45) minutes later, while waiting to speak to his superior officer, MAJOR ALMEIDA excused himself to the restroom.  MAJOR ALMEIDA was on the phone with his wife, when several ARMY police officers aggressively pushed open the bathroom door and began to hit and choke the Plaintiff.

9.

MAJOR ALMEIDA'S wife was still on the phone when she heard the brutal attack take place and overheard her husband's screams before their conversation was disconnected.

10.

Once restrained, Dr. Costello, who holds the rank of Major in the ARMY, allowed the anesthetist, Dr. Azel, to administer an unknown drug via a needle to MAJOR ALMEIDA rendering him unconscious.

11.

The Plaintiff did not regain consciousness until he awoke at Brentwood Psychiatric Hospital the next day.  He remained at Brentwood until he signed a 72 hour early release and was escorted back to Fort Polk.

12.

According to the admittance report, Brentwood Hospital admitted Mr. ALMEIDA for demonstrating erratic behavior, paranoia, and sexually inappropriate behavior (grabbing the genitals of other soldiers).

13.

As a result of the incident at Fort Polk and Brentwood Psychiatric Hospital, on the 21st day of June 2007 MAJOR ALMEIDA submitted his retirement to his commanding officer.

14.

However, instead of promptly accepting MAJOR ALMEIDA's resignation, he was asked to reconsider retirement in lieu of a promotion..

15.

While consulting with one of his psychiatrists from Fort McPherson, Georgia, Dr. Daniels, MAJOR ALMEIDA was told that the Army uses methods such as the ones used against the Plaintiff to get rid of "whistleblowers," or as reprisal to ruin the credibility of soldiers who submitted complaints for misconduct and wrong doing.

16.

MAJOR ALMEDIA and ERLINDA ALMEIDA submitted a complaint to the DEPARTMENT OF DEFENSE under the Federal Tort Claim Act on June 11, 2007, which was denied on June 19, 2009 and mailed to counsel on June 22, 2009. The Plaintiffs have the right to administrative review under the Federal Tort Claims Act.

17.

Based on the facts stated in the previous paragraphs, the Plaintiffs are entitled to recovery from the Defendants under the following theories of recovery:

a) Assault
b) Battery
c) False Imprisonment
d) Intentional Infliction of Emotional Distress
e) Loss of Consortium
f) Invasion of Privacy
g) Conspiracy
h) Medical Malpractice
i) Defamation of Character
j) Fraud

18.

The Plaintiffs wish to have a trial by jury.

**WHEREFORE**, Complainants, PETER WHITE ALMEIDA and ERLINDA MARIE ALMEIDA, prays that after due proceedings be had, there be a Judgment in their favor against THE DEPARTMENT OF DEFENSE, DEPARTMENT OF ARMY, DR. COSTELLO, DR. AZEL, full and completely, and that all court costs, expenses, and fees be levied on the Defendants.

**RESPECTFULLY SUBMITTED** :

/s/ Ronald S. Haley, Jr._____
Ronald S. Haley, Jr., T.A.
La. Bar Roll No.: 30900
HALEY & ASSOCIATES
ATTORNEYS AT LAW, LLC
5353 Florida Blvd.
Baton Rouge, La. 70802
Phone: (225) 928-2620
Fax: (225) 928-0360

5

Email: rhaley@ronaldhaleylawfirm.com

/s/ Sean Collins_____
Sean Collins
La. Bar Roll No.: 30447
SEAN COLLINS,
ATTORNEY AT LAW, LLC
405 St. Ferdinand St., Ste. 2
Baton Rouge, La. 70802
Phone: (225) 382-3969
Fax: (225) 336-4734
    (225) 382-3969
Email: collins.s@cox.net

ATTORNEYS FOR THE PLAINTIFFS